UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                              :
GLENN JOHNSON,                                :
                                              :
                            Plaintiff,        :
                                              :          21-cv-10535 (VSB)
                    -against-                 :
                                              :          **ORDER**
CITY OF NEW YORK, et al.,                     :
                                              :
                            Defendants.  :
                                              :
-------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of Plaintiff's request for the appointment of pro bono counsel.  (Doc. 8.)  I

am also in receipt of Plaintiff's motion for compensation in the amount of $2,000,000 and

supporting declaration.  (Docs. 11–12.)

      In determining whether to grant an application for counsel, the Court must consider "the

merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a

lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the

issues if unassisted by counsel."  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir.

1989) (per curiam).  As a threshold matter, in order to qualify for appointment of counsel,

Plaintiff must demonstrate that his claim has substance or a likelihood of success.  *See Hodge v.

Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986).  In reviewing a request for appointment of

counsel, the Court must be cognizant of the fact that volunteer attorney time is a precious

commodity and, thus, should not grant appointment of counsel indiscriminately.  *Cooper*, 877

F.2d at 172.

A more fully developed record, specifically regarding the facts of Plaintiff's claims, will be necessary before it can be determined whether Plaintiff's chances of success warrant the appointment of counsel.  Accordingly, it is hereby ORDERED that Plaintiff's application for the appointment of counsel is denied without prejudice to renewal at such time as the existence of a potentially meritorious claim may be demonstrated, including after the close of discovery.  For more information on proceeding pro se in this District, Plaintiff should visit this webpage: https://nysd.uscourts.gov/prose?clinic= or contact the NYLAG Legal Clinic for Pro Se Litigants at 212-659-6190.

IT IS FURTHER ORDERED that Plaintiff's motion for compensation in the amount of $2,000,000 is denied.

The Clerk's Office is respectfully directed to mail a copy of this Order to the pro se Plaintiff at his updated address.  (*See* Doc. 9.)

SO ORDERED.

Dated: February 9, 2022
      New York, New York

Vernon S. Broderick
United States District Judge