UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                                     :
GLENN JOHNSON,                                          :

                                                 Plaintiff,     :
                                                                 :          21-CV-10535 (VSB)
                - against -                  :
                                                                 :          **OPINION & ORDER**
                                                                 :
CITY OF NEW YORK, et al.,                :

                                              Defendants.  :
                                                                   :
-------------------------------------------------------- X

Appearances:

Glenn Johnson
Bronx, New York
*Pro Se Plaintiff*

Inna Shapovalova
New York City Law Department
New York, New York
*Counsel for Defendant City of New York*

VERNON S. BRODERICK, United States District Judge:

       Before me is the motion of Defendant City of New York ("Defendant" or the "City") to dismiss the Amended Complaint filed by pro se Plaintiff Glenn Johnson ("Plaintiff"). Because Plaintiff's claims against Defendant are barred by a previously-executed release agreement, Defendant's motion is GRANTED.

I. **Factual Background**[1]

       Plaintiff's Amended Complaint alleges false arrest, malicious prosecution, and false

---

[1] The facts set forth in this section are based on my liberal interpretation of Plaintiff's Amended Complaint. (Doc. 10 ("Am. Compl.").) I assume any well-pleaded factual allegations in Plaintiff's Amended Complaint to be true for the purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc*., 496 F.3d 229, 237 (2d Cir. 2007). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

imprisonment. (Am Compl.) On October 8, 2020, while driving a 2010 GMC Terrain ("Car") in the Bronx, Plaintiff stopped at a stop sign. (*Id*. 4.)[2] While he was stopped at the stop sign, a woman walked up to his Car and asked if he wanted a date for twenty-five dollars. (*Id*.) Plaintiff told her that he was okay and drove off, but, as he was driving away, three New York City Police Department patrol cars blocked Plaintiff's Car. (*Id*.) Four officers then ran up to his Car, pulled Plaintiff out of the Car, pushed him against the Car, twisted his arms, handcuffed him, and told him he was under arrest. (*Id*.)

Plaintiff was forced to wear handcuffs that were too tight for one hour while he was in transit to the precinct. (*Id*.) When Plaintiff asked the officer to loosen the handcuffs because he was experiencing pain, the officer refused. (*Id*.)

Plaintiff learned that the woman who approached his Car was an undercover police officer. (*Id*.) Plaintiff was charged with a third-degree misdemeanor for patronizing prostitution. (*Id*.) That charge was dismissed on February 3, 2021. (*Id*.) Plaintiff seeks $2 million in compensation. (*Id*. 5.)

## II.    Procedural History

Plaintiff filed his initial complaint on December 9, 2021, (Doc. 2), along with a request to proceed *in forma pauperis*, (Doc. 1). On January 10, 2022, Chief Judge Laura Taylor Swain granted Plaintiff's application to proceed *in forma pauperis*. (Doc. 3.) On January 11, 2022, this case was reassigned to me.

On February 8, 2022, Plaintiff filed an application to request pro bono counsel and a notice of motion to "compensate in the anmount [sic] of $2,000,000." (Docs. 8, 11.) Plaintiff

---

[2] Because Plaintiff's Amended Complaint does not contain paragraph numbers my citations reference page numbers in the Amended Complaint.

also filed his Amended Complaint that same day. (Am. Compl.) On February 9, 2022, I denied Plaintiff's application for pro bono counsel without prejudice due to the early stage of the litigation. (Doc. 13.) I also denied Plaintiff's motion for compensation. (*Id.*)

A *Valentin* order directing Defendant to identify the John Doe officers in Plaintiff's complaint was entered on January 11, 2022. (Doc. 5 at 2–3.) On application from Defendants, this order was held in abeyance pending the resolution of Defendant's motion to dismiss. (Docs. 14, 15.)

On May 23, 2022, Defendant City of New York filed a motion to dismiss, (Doc. 19 ("MTD")), the declaration of Giancarlo Santino Veccharelli, (Doc. 20 ("Veccharelli Decl.")), and a memorandum of law, (Doc. 21). On July 5, 2022, Plaintiff filed an untimely opposition letter to Defendant's motion. (Doc. 22 ("Opp.").) On July 11, 2022, Plaintiff filed another opposition letter. (Doc. 23.) On July 19, 2022, Defendant filed a letter-motion for an extension of time to file a reply memorandum of law and a request that I not consider Plaintiff's untimely opposition-letters. (Doc. 24.) On July 20, 2022, I granted Defendant's motion for an extension of time and stated that I would not consider any additional letters in opposition filed by Plaintiff, who, in any case, did not file any substantive papers in this action after his July 11 submission. (Doc. 25.) On August 2, 2022, Defendant filed a reply memorandum of law and an additional declaration from Giancarlo Santino Veccharelli. (Docs. 27–28.)

### III. Legal Standards

#### A. *Rule 12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237.  "A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc*., 834 F.3d 220, 230 (2d Cir. 2016) (internal quotation marks omitted).  In ruling on a motion to dismiss, a court "may also consider matters of which judicial notice may be taken," *Staehr v. Hartford Fin. Servs. Grp., Inc*., 547 F.3d 406, 425 (2d Cir. 2008) (citation omitted), which includes "documents either in [a] plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit," *Kalyanaram v. Am. Ass'n of Univ. Professors*, 742 F.3d 42, 44 n.1 (2d Cir. 2014) (internal quotation marks omitted).  A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id*.

      **B.**    *Pro Se Litigant*

Even after *Twombly* and *Iqbal*, a "document filed pro se is to be liberally construed and a

pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *See Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (citation omitted).

**IV.     Discussion**

    **A.     *Untimely Opposition-Letters***

Pursuant to Local Civil Rule 6.1, both opposition letters filed by Plaintiff were untimely. Defendant filed its motion to dismiss on May 23, 2022, thereby making Plaintiff's opposition due by June 13, 2022. Defendant did not file an opposition letter until July 5, 2022, (Opp.) and then filed another one on July 11, 2022, (Doc. 23.) The decision to proceed pro se "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks omitted). However, since there is a "strong policy disfavoring dismissal of pro se pleadings without affording them their strongest possible construction," *Howard v. Municipal Credit Union*, No. 05 Civ. 7488(LAK), 2008 WL 782760, at *4 (S.D.N.Y. March 25, 2008), I will consider Plaintiff's opposition letters, which both assert that Plaintiff was unaware of the effect of signing a general release of civil rights claims against the City. (Opp. 1; Doc. 23 at 1.) *See also Posr v. City of New York*, No. 11

5

CIV. 986 PGG, 2012 WL 4378049, at *6 (S.D.N.Y. Sept. 25, 2012) (considering pro se plaintiff's opposition papers even though they were untimely filed); *Rosen v. North Shore Towers Apartments*, No. 11–CV–00752(RRM)(LB), 2011 WL 2550733 at *2 (E.D.N.Y. June 27, 2011) (same).

### B. *Plaintiff's Release of Claims*

Defendant asserts that, on July 7, 2021, Plaintiff signed a general release (the "General Release") in a separate civil action against the City and several of its employees, *Glenn Johnson v. City of New York, et al.*, 19-CV-9664, which was also pending before me. (MTD 3.) The General Release discharged and released "the City of New York; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel . . . from any and all liability, claims, or rights of action alleging a violation of [Plaintiff's] civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release, including claims for costs, expenses, and attorneys' fees." (Veccharelli Decl. Ex. 3.) Since the events giving rise to this action occurred prior to the execution of the General Release, the City requests that I take judicial notice of the General Release and dismiss Plaintiff's Amended Complaint on the basis that Plaintiff has released the claims asserted in the Amended Complaint. (*See generally* MTD.) Plaintiff argues that he was unaware that he released all claims in this action when he signed the General Release. (*See* Opp. 1)

#### 1. Judicial Notice

In ruling on a motion to dismiss, a court may "consider matters of which judicial notice may be taken," *Staehr*, 547 F.3d at 425 (citation omitted), which includes "documents either in [a] plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit,"

6

*Kalyanaram*, 742 F.3d at 44 n.1 (internal quotation marks omitted). "Records of prior litigation between the same parties fall within the scope of [the judicial notice] rule." *Edo v. Martiny*, No. 15-CV-202 (CBA), 2016 WL 7839337, at *2 (E.D.N.Y. Aug. 26, 2016), *report and recommendation adopted*, No. 15CV202CBASMG, 2017 WL 785653 (E.D.N.Y. Mar. 1, 2017) (citing *Anderson v. Rochester-Genesee Regional Transp. Authority*, 337 F.3d 201, 205 n.4 (2d Cir. 2003)). Courts in this District have applied that rule to settlement agreements and releases. *See, e.g.*, *In re Nine W. LBO Sec. Litig.*, 505 F. Supp. 3d 292, 302–03 (S.D.N.Y. 2020) (taking judicial notice of settlement agreement and its release provisions); *Deylii v. Novartis Pharmaceuticals Corp.*, No. 13-cv-06669 (NSR), 2014 WL 2757470, at *4 (S.D.N.Y. Jun. 16, 2014) ("Settlement agreements are documents of which a court may take judicial notice in order to determine whether future claims are barred by a previous settlement."); *Smith v. DADA Ent., LLC*, No. 11 CIV. 7066 JPO, 2012 WL 4711414, at *2, n.1 (S.D.N.Y. Sept. 27, 2012) (taking judicial notice of settlement agreement in state court action and its release of future claims). Moreover, if taking judicial notice of a previous agreement would aid a court in resolving whether to "dispose of [the] matter . . . it makes no sense to deny dismissal simply because [the agreement] was not referenced in the [c]omplaint." *Deylii*, 2014 WL 2757470, at *4 (S.D.N.Y. June 16, 2014) (quoting *World Wrestling Entm't, Inc. v. Jakks Pac. Inc.*, 425 F. Supp. 2d 484, 508 n. 16 (S.D.N.Y. 1999)).

The General Release covers the same parties in the instant litigation.[3] Therefore, I find that Plaintiff had knowledge of the General Release when he brought this suit, even if he did not fully appreciate its effects. Plaintiff does not deny this and taking judicial notice of the General

---

[3] The General Release applies to "The City of New York; [its] successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel." (Veccharelli Decl. Ex. 3 at 1.) This covers both the City and the various John Doe officers against whom Johnson asserts claims.

7

Release will help me determine whether Plaintiff's entrance into that agreement bars his current claims. Therefore, I will take judicial notice of the General Release in *Glenn Johnson v. City of New York, et al.*, 19-CV-9664. (Veccharelli Decl. Ex. 3.)

### 2. Dismissal

"Courts interpret a settlement release under traditional contract principles and must dismiss claims that are precluded by the plain language of the release." *In re Nine W. LBO Sec. Litig.*, 505 F. Supp. 3d at 305 (citation omitted). Civil rights claims may be dismissed when a plaintiff has released a defendant from liability for those claims. *See Walker v. Corizon*, 764 F. App'x 78 (2d Cir. 2019); *Dinkins v. Decoteau*, No. 1:15-CV-8914-GHW, 2016 WL 3637169 (S.D.N.Y. June 29, 2016). Both of these cases are analogous to the instant case. In *Walker v. Corizon*, the Second Circuit affirmed dismissal of a pro se plaintiff's civil rights claims against "the City, its employees, and its agents" because the plaintiff had signed a release waiving all future claims against those parties. 764 F. App'x at 80. *Walker* held that, since the language releasing such claims was unambiguous and the release involved the same defendants, the plaintiff's claims were barred by his signing the release. *Id.* In *Dinkins v. Decoteau,* the plaintiff signed a release in a separate case that released "the City of New York, and all of its past and present employees" from liability for any claims alleging violations of the plaintiff's civil rights. 2016 WL 3637169, at *1. Because this release language was unambiguous, the *Dinkins* court granted the defendants' motion for summary judgment and dismissed the case. *Id.* at *3. Other courts in this District have consistently reached the same conclusion. *See, e.g.*, *Metwally v. City of New York*, No. 19CIV8206GBDSDA, 2023 WL 2808215, at *4 (S.D.N.Y. Apr. 6, 2023) ("Based on the clear and unambiguous language of the General Release, summary judgment is granted."); *Stephens v. Barnes*, No. 16 CIV. 7133 (LGS), 2018 WL 618454, at *3 (S.D.N.Y. Jan.

8

25, 2018) (same); *Lloyd v. City of New York*, No. 15-CV-8539 (RJS), 2017 WL 2266876, at *4 (S.D.N.Y. May 22, 2017) ("[T]he language of the parties' General Release unambiguously bars [plaintiff] from bringing the claims asserted in this case.")

The General Release "release[s] and discharge[s]" any civil rights claim made by Plaintiff against "the City of New York; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel" . . . "from the beginning of the world to the date of [the] General Release." (Veccharelli Decl. Ex. 3 at 1.) Since this language mirrors language found to be unambiguous in the releases in *Walker*, 764 F. App'x at 79–80, and *Dinkins*, 2016 WL 3637169, at *1, I find the language in the General Release to be similarly unambiguous.

Plaintiff asserts that he was unaware that signing the General Release waived any additional claims against the City or its employees for civil rights violations that occurred prior to the signing of the General Release. (Opp. 1; Doc. 23 at 1.) However, this does not change my analysis or the outcome. *See Dinkins*, 2016 WL 3637169, at *3 (rejecting the plaintiff's argument that he did not understand the release to waive the underlying claims in that case because "the unambiguous language of the [release], rather than [plaintiff's] subjective understanding, controls."); *Bolling v. City of New York*, No. 18CV5406PGGRWL, 2020 WL 8671940, at *5 (S.D.N.Y. Nov. 19, 2020), report and recommendation adopted, No. 18CIV5406PGGRWL, 2021 WL 961758 (S.D.N.Y. Mar. 15, 2021) ("Plaintiff's pro se status in the instant case does not alter his accountability for his end of the bargain. Courts have consistently enforced similar general releases in civil rights actions brought by pro se litigants against the City and its agents."); *see also Brown Bros. Elec. Contractors v. Beam Const. Corp.*,

361 N.E.2d 999, 1001 (N.Y. 1977) ("In accordance with long-established principles, the existence of a binding contract is not dependent on the subjective intent of [the parties]."); *Moore v. Kopel*, 653 N.Y.S.2d 927, 929 (1st Dep't 1997) ("[A] contract is not rendered ambiguous just because one of the parties attaches a different, subjective meaning to one of its terms.")  In the absence of allegations of fraud, duress, illegality, mutual mistake, or other comparable defenses to the validity of the General Release, it must be enforced as written. *See, e.g.*, *Dinkins*, 2016 WL 3637169, at *3 ("Since Mr. Dinkins does not allege duress, illegality, fraud, or mutual mistake he is bound by the terms of the General Release and this lawsuit must be dismissed.") (cleaned up); *Lloyd*, 2017 WL 2266876, at *4 ("Since there is no suggestion of fraud, duress, undue influence, or any other valid legal defense, the release is binding on the parties").

      Plaintiff signed the General Release on July 7, 2021.  (Veccharelli Decl. Ex. 3 at 1.)  The events giving rise to Plaintiff's Amended Complaint occurred on October 8, 2020, before the date of the General Release.  (Am. Compl. 4)  Additionally, Plaintiff brings claims against the City of New York and several of its "officials, employees, representatives, and agents," which the General Release explicitly bars.  (Veccharelli Decl. Ex. 3 at 1.)  Consequently, because the General Release releases the City and its "officials, employees, representatives, and agents" from liability for alleged civil rights violations against Plaintiff occurring from "the beginning of the world" until July 7, 2021, (*id*.), Plaintiff's claims in this action are barred.  Plaintiff is bound by the terms of the General Release and his Amended Complaint must be dismissed.

## V. Conclusion

Based on the foregoing reasons, Defendant's motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to terminate any open motions and close this case.

SO ORDERED.

Dated: August 31, 2023
      New York, New York

*[Signature]*

Vernon S. Broderick
United States District Judge